IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHICAGO INSURANCE COMPANY,

        Plaintiff,

v.                                         CIVIL ACTION NO. 3:09-0659

HEALTH CARE INDEMNITY, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant, Health Care Indemnity, Inc.'s Motion to Strike (Doc. 8). For the reasons explained below, the motion is **DENIED**.

The dispute between the parties centers on their obligations to pay for the defense and indemnity of David McNair. According to the complaint, McNair, in his capacity as a surgical assistant, was covered by separate insurance policies with both Chicago Insurance Company (CIC) and Health Care Indemnity, Inc. (HCII). Under the terms of the CIC policy, if the policy holder has other insurance, CIC will pay a pro rata share for defense and indemnity. CIC alleges that under the terms of the HCII policy McNair was covered in the amount of $10,000,000 per incident and had unlimited aggregate coverage. CIC's policy limited coverage to $1,000,000 per incident and a $3,000,000 aggregate. As a result of the different terms of coverage, CIC alleges that it was required to pay only 1/11th of the McNair's defense and indemnity. Instead, CIC contends that it covered fifty percent of the defense costs and the entire cost of settlement.

The complaint contains paragraphs concerning a proposed "risk transfer" agreement between HCII and CIC, which never materialized. HCII has moved to strike these paragraphs, relying on

Rule 408 of the Federal Rules of Evidence. HCCI argues that the proposal and discussion of the potential risk transfer agreement are settlement or compromise negotiations, and thus are impermissible as evidence under Rule 408. CIC argues that the information contained within these paragraphs is essential to understanding the relationship between the insurance companies and their respective obligations to defend and indemnify.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Such motions are generally viewed with disfavor and are infrequently granted. *See e.g. Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). It is a drastic remedy which should be resorted to only when required for the purposes of justice. 2 James Wm. Moore et al., Moores Federal Practice § 12.37 (3d ed. 2000); *Brown & Williamson Tobacco Corp. v. U.S.* 201 F.2d 819 (6th Cir. 1953). A motion to strike should be denied unless the moving party would be prejudiced from the denial of the motions. *See Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862 (5th Cir. 1962); *see also, Williams v. Humble Oil & Ref. Co.*, 234 F.Supp. 985 (E.D. La. 1964); *Salomon S.A. v. Alpina Sports, Corp.*, 737 F.Supp. 720 (D. N.H. 1990).

Evidence of conduct or statements from compromise negotiations is inadmissible "when offered to prove liability for, invalidity of, or amount of a claim . . . or to impeach through a prior inconsistent statement." Fed. R. Evid. 408. There are, however, other permissible uses of this type of evidence. *Id.* Courts should be particularly careful, however, of resolving evidentiary disputes in the preliminary stages of proceedings. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

It is far from clear that evidence concerning the proposed risk transfer agreement will be admissible in the later stages of these proceedings. The facts alleged in the disputed paragraphs of the complaint, however, do provide background information and context to Plaintiff's claims. They help explain why CIC allegedly paid the full amount of indemnity for McNair. As evidence concerning these matters can later be excluded pursuant to Federal Rule of Evidence 408, there is scant prejudice to the defendant from retaining the disputed paragraphs in the complaint. Because of the preliminary nature of the complaint, the motion to strike is hereby **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 20, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE