IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHICAGO INSURANCE COMPANY,

          Plaintiff,

v.                                                CIVIL ACTION NO. 3:09-0659

HEALTH CARE INDEMNITY, INC.,

          Defendant.

**ORDER**

Pending before the Court is Defendant's Motion for Clarification, Reconsideration and/or Correction [Doc. 96] of this Court's Memorandum Opinion and Order [Doc. 88] denying Defendant's Motion for Partial Summary Judgment. [Doc. 28]. For reasons explained below, the motion is **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

Plaintiff Chicago Insurance Company ("CIC") brought this suit to recover from Defendant Health Care Indemnity, Inc. ("HCII") defense and settlement costs incurred by CIC in resolving underlying cases against David McNair, an insured of both parties. HCII raised numerous counterclaims asserting that it was not responsible for much of the expenses CIC incurred in defending McNair. HCII filed a motion for partial summary judgment on March 26, 2010 seeking a declaration on the proportion of costs for which each party was responsible, and on its counterclaims. On August 2, 2010, the Court issued a Memorandum Opinion and Order denying that motion, and finding that because of mutually repugnant excess clauses in both

policies, both CIC and HCII should contribute to the mutually insured costs pro rata. However, the Court declined to determine which costs mutually obligate the insurers because it was too early in the proceedings to make that assessment.

HCII now asks the Court to reconsider its legal conclusions which HCII claims were "internally inconsistent." In that vein, HCII contends that "other insurance" clauses that are mutually repugnant should be stricken *in toto*, therefore necessitating the result that CIC's residual pro rata provision–as a part of its other insurance clause–should not apply in this case. In addition, it asks the Court to issue an order correcting typographical errors in the opinion.

## DISCUSSION

### I.     Typographical Errors

Federal Rule of Civil Procedure 60(a) provides that the court may correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . [or] order . . . on motion or on its own." Fed. R. Civ. P. 60(a).

HCII requests that the Court fix a typographical error on page 2 of the August 2, 2010 Memorandum Opinion and Order denying HCII's request for partial summary judgment [Doc. 88] in order to clarify that CIC did not reserve its rights until February 27, 2007, not February 27, 2005. The Court grants HCII's motion on this issue, and incorporates the latter fact into the record.

In addition, HCII submits that the portion of the Court's August 2, 2010 Memorandum Opinion and Order suggesting that HCII "settled the Putnam County litigation on behalf of King, McNair, the hospital and others" should be revised to reflect the fact that Dr. King was not an insured of HCII. However, the August 2, 2010 Memorandum Opinion and Order contains no such language, and as CIC correctly points out, does not specifically include reference to Dr.

King as an insured of HCII.  The Court assumes HCII to be referring to the August 6, 2010 Revised Memorandum Opinion and Order issued by Magistrate Judge Stanley, which does reference the settlement at issue as being negotiated on behalf of Dr. King.  The Court grants HCII's motion on this issue to clarify Dr. King's status under HCII's policies.

## II.     Legal Conclusions in the August 2, 2010 Memorandum Opinion and Order

HCII next asks the Court to reconsider its legal conclusions entered in the August 2, 2010 Memorandum Opinion and Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) permits courts to entertain a motion to alter or amend a judgment, provided that such motion is filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).  While a district court has the discretion to grant a Rule 59(e) motion in very narrow circumstances, *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), these motions are typically denied where they are used "as a means to . . . put forward additional arguments" which could have been made before judgment.  *Nat'l Union Fire Ins. Co. v. Lambert*, No. 08-01158, 2010 U.S. Dist. LEXIS 58678, at *5 (S.D. W. Va. June 14, 2010) (citation omitted); *see also Boone v. United States*, No. 10-00090, 2010 U.S. Dist. LEXIS 62790, at *2 (S.D. W. Va. June 23, 2010) (suggesting that the circumstances under which this type of motion may be granted are very limited).

HCII argues that the Court should reconsider its opinion applying the pro rata clause of CIC's policy because mutually repugnant "other insurance" clauses should be stricken *in toto*.  The Court does not believe its decision, however, to be a "clear error" of law, and HCII has offered no binding precedent suggesting that it is.  Rather, the decision was consistent with *Am. Safety Indem. Co. v. Stollings Trucking Co.*, 450 F.Supp.2d 639 (S.D. W. Va. 2006) ("Stollings"), where Judge Copenhaver interpreted two "other insurance" clauses similar to the ones at issue in this case.  As noted in the August 2 opinion, the *Stollings* Court disregarded two

mutually repugnant excess clauses, yet left intact the rest of the "other insurance" provisions in the respective policies at issue. The Court declines to entertain this argument any further, and finds that there is not a compelling reason why it should revise its conclusion that the parties' mutually obligated costs must be shared pro rata in light of the mutually repugnant excess clauses.

Finally, the Court takes cognizance of the concerns with summary judgment grants in the presence of material disputes and undeveloped factual records. *See* Craig M. Reiser, *The Unconstitutional Application of Summary Judgment in Factually Intensive Inquiries*, 12 U. Pa. J. Const. L. 195, 220-21 (2009). Thus, the Court reiterates its conclusion that, because of clear material disputes, it is too early in the proceedings to determine which costs mutually obligate the insurers, and at this juncture, the Court again declines to make any additional findings to that effect. Instead, these issues should be resolved shortly as the parties have recently clarified the scope of the remainder of discovery in a status conference with Magistrate Judge Stanley on September 13, 2010.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion for Clarification, Reconsideration and/or Correction [Doc. 96] to the extent that it requests the remedying of the typographical errors noted in the August 2, 2010 Memorandum Opinion and Order denying Defendant's Motion for Partial Summary Judgment. [Doc. 88]. However, the Court **DENIES** the Motion to reconsider its holding in denying Defendant's Motion for Partial Summary Judgment.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 17, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE