IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHICAGO INSURANCE COMPANY,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:09-0659

HEALTH CARE INDEMNITY, INC.,

        Defendant.

## ORDER

Pending before the Court is Defendant Health Care Indemnity's Motion for Certification of Interlocutory Appeal. [Doc. 109]. For reasons explained below, the Court **DENIES** the defendant's motion.

### Background

The Court need not provide a detailed account of the background facts as they relate to the issues discussed below because it has already done so in two prior orders.

Briefly, Plaintiff Chicago Insurance Company ("CIC") brought this suit to recover from Defendant Health Care Indemnity, Inc. ("HCII") settlement and defense costs incurred by CIC in resolving underlying medical malpractice cases against David McNair, an insured of both parties. HCII claims that it is not responsible for most of the expenses CIC incurred in defending McNair. It subsequently filed a motion for partial summary judgment on March 26, 2010 seeking a favorable declaration on each parties' cost responsibilities. On August 2, 2010, the Court issued a Memorandum Opinion and Order denying that motion, and finding that because of mutually

-1-

repugnant excess clauses in both policies, CIC and HCII should contribute to the mutually insured costs pro rata. However, the Court declined to determine which costs mutually obligate the insurers because it was too early in the proceedings to make that assessment.

HCII then asked the Court to reconsider its legal conclusions by filing a Motion for Reconsideration. HCII argued that mutually repugnant "other insurance" clauses should be stricken *in toto*, not piecemeal. As a result, it submitted that CIC's residual pro rata provision–as a part of its other insurance clause–should not apply in this case. The Court denied that motion for substantially the same reasoning it set forth in the August 2, 2010 Memorandum Opinion and Order.

HCII again raises this legal issue. It now seeks an order permitting it to initiate an interlocutory appeal before the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a). Specifically, HCII wishes to appeal the Court's August 2, 2010 decision denying its Motion for Partial Summary Judgment on the ground that there remains a fundamental disagreement over the legal standard the Court applied in that Opinion. It contends that the Court's decision implicated two lines of conflicting authority on the interpretation of "other insurance" clauses, and that the Court failed to adopt the majority approach, which would have considered CIC's policy to be primary, and HCII's only excess. Because this issue would be dispositive in the resolution of this litigation, HCII claims that it would be wasteful and inefficient to wait until district court proceedings end in order to finally resolve the question.

## Discussion

The district court may certify a question for interlocutory appeal if (1) it believes that the issue involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) the immediate appeal from the order would materially advance the ultimate

termination of the lawsuit. 28 U.S.C. § 1292(b); *see, e.g.*, *Wagner v. Branch Banking & Trust Co.*, No. 3:10-54, 2010 U.S. Dist. LEXIS 84720, at *3-4 (N.D. W. Va. July 15, 2010) (discussing the standard for certification under § 1292(b)) (citations omitted).

Section 1292(b), however, "should be used sparingly and . . . its requirements must be strictly construed." *Woodcock v. Mylan, Inc.*, No. 2:09-00507, 2009 U.S. Dist. LEXIS 112962, at *2 (S.D. W. Va. Dec. 4, 2009) (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). This is because federal law strongly favors finality in the district court before submission of a case to the court of appeals. *See* 28 U.S.C. § 1291; *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 423 (4th Cir. 1994) ("[Finality] is an important component of the judicial structure, for, as a general matter, it prevents the entanglement of the district and appellate courts in each other's adjudications in an unruly and ultimately inefficient way."). Accordingly, interlocutory review is available only in exceptional circumstances.

HCII argues that certification is warranted here because the Court, in its August 2, 2010 Memorandum Opinion and Order, declined to adopt the "majority rule" in analyzing competing "other insurance" clauses. In that Opinion, this Court held that because of mutually repugnant excess clauses in the parties' insurance policies both clauses should be stricken, and the costs of settlement should be shared pro rata. HCII contends that the latter determination was clear error because the majority rule would require the Court to reconcile the "other insurance" clauses at issue, and consider CIC's residual pro-rata clause as an acknowledgment that CIC is the primary insurer in this case. In that vein, HCII argues that its excess provision should be given full effect and that CIC's policy should provide primary coverage up to the available policy limits. HCII further suggests that appeal of the Court's determination would save considerable time and expense. The

Court disagrees.

With regard to the first prong of the § 1292(b) analysis, the Court finds unpersuasive HCII's argument that this case involves a controlling question of law as to which there is substantial disagreement.[1] First, the question at issue is one of West Virginia state law, and most of the cases to which HCII cites concern the law of different jurisdictions. The Fourth Circuit's application of the law of other states has nothing to do with the approach taken by West Virginia courts. Moreover, despite its promises to do so, HCII has not provided a West Virginia case precisely addressing the question at issue.[2] It is true, as HCII argues, that courts should generally try to reconcile the provisions of "other insurance" clauses, but where two excess clauses come in conflict–as the Court found here–they should be "disregarded inasmuch as they are mutually repugnant." *Allstate Ins. Co.*, 202 F. Supp. 85, 88 (S.D. W. Va. 1962) (applying West Virginia law); *see also Am. Safety Indem. Co. v. Stollings Trucking Co.*, 450 F. Supp. 2d 639, 650 (S.D. W. Va. 2006) (disregarding two mutually repugnant excess clauses, but leaving intact the rest of the "other insurance" provisions in the policies at issue). HCII has contested this Court's application of the West Virginia rule, but its arguments fail to show that there is a substantial ground for difference of opinion in this case, and the Court does not believe that West Virginia law needs to be clarified by the court of appeals.

Second, this Court's decision denied HCII *partial* summary judgment on the instant legal

---

[1] The first prong of the § 1292(b) test "tends to blend with the second prong . . . which speaks to the potential for materially advancing the litigation." *North Carolina v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D. N.C. 1995).

[2] For example, in its Motion for Reconsideration, HCII cited mostly cases from Indiana and Pennsylvania state courts.

question. As HCII itself concedes, this litigation consists of many other contested material factual and legal issues, including the parties' potential cost-sharing obligations. A favorable decision for HCII on the "other insurance" question could perhaps advance the disposition of this litigation to some extent. However, most grants of summary judgment would have the same effect. The certification standard under § 1292(b) requires a greater showing. HCII fails to adequately explain how the additional issues in this matter will be resolved even in the event that its argument is accepted. Accordingly, HCII has not made a sufficient showing that the "other insurance" question is controlling for purposes of an interlocutory appeal.[3] After all, "[t]he interlocutory appeal mechanism was not intended to be used in 'ordinary suits' and was not designed 'to provide early review of difficult rulings in hard cases.'" *Wagner*, 2010 U.S. Dist. LEXIS 84720, at *3-4 (citing *W.R. Peele, Sr. Trust*, 889 F. Supp. at 852).

Even if HCII could satisfy the first part of the § 1292(b) inquiry, however, it not clear to this Court that certification would materially advance the ultimate termination of this litigation and avoid the waste of resources. If the court of appeals rejects HCII's argument, the parties will be back at square one in this Court. There is simply no guarantee that the long and exhaustive discovery that HCII threatens will not still occur. The Court is thus unwilling to gamble on HCII's assurances, and finds that immediate appeal will not materially advance the ultimate termination of this lawsuit.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Certification of

---

[3] "[A] question is controlling if its incorrect disposition would require reversal of a final judgment for further proceedings." *W.R. Peele, Sr. Trust*, 889 F. Supp. at 852. However, a question is not controlling where the underlying litigation would likely continue regardless of how the question is decided. *Id.* at 852-53.

Interlocutory Appeal. [Doc. 109].

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 21, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE